```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
BRANDON HONG,                                              :
                                                           :
                              Plaintiff,                   :
                                                           :       18-CV-8110 (VSB)
             -against-                                     :
                                                           :       OPINION & ORDER
C.O. AIGLE, SECURITY CAPTAIN                               :
GRAHAM,                                                    :
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------X
```

Appearances:

Brandon Hong
Mohawk Correctional Facility
Rome, NY
*Pro Se*

Aimee Kara Lulich
Carolyn Kay Depoian
NYC Law Department
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Brandon Hong ("Hong"), an incarcerated individual, brings this action against Corrections Officer Tramaine Aigle and Security Captain Nigel Graham asserting that he was pepper-sprayed in the eyes but was not promptly decontaminated or given medical care, causing damage to his eyes and severe pain and suffering. Plaintiff is pro se, and his claims most closely resemble causes of action for deliberate indifference to his medical needs pursuant to 42 U.S.C. § 1983 and common law negligence. Before me is Defendants' motion for judgment on the pleadings seeking dismissal of all claims. Defendants' motion is granted in part and denied in

part.  Because Defendants have qualified immunity from common law negligence claims, Defendants' motion for judgment on the pleadings with respect to the negligence claim is GRANTED.  However, Plaintiff has plausibly alleged a claim for deliberate indifference to serious medical needs, Defendants' motion for a judgment on the pleadings on Plaintiff's deliberate indifference claim is DENIED.

### I. Background[1]

Plaintiff Hong is currently incarcerated at Mohawk Correctional Facility,[2] (Doc. 34), and was previously incarcerated at Manhattan Detention Complex, (Compl. 2).[3]  On July 6, 2018, while at the Manhattan Detention Center as a pretrial detainee, Hong was sprayed in the face with pepper spray when Defendant Aigle was attempting to spray another inmate.  (Compl. at 4.)  The other inmate was taken for decontamination; however, Defendant Graham left Hong in his cell.  (*Id.*)  Plaintiff also alleges that although he was sprayed in the eyes, he did not receive medical care until three hours later and only after he repeatedly asked.  (*Id.*)  The correction staff "tried to downplay the incident" by failing to generate an injury report for him.  (*Id.*)  As a result of the incident, Plaintiff's eyesight is blurry and he cannot see very well, and now requires glasses.  (*Id.*; Pl's Opp. at 3.)[4]  Plaintiff also suffers from asthma, which exacerbated the harm from the pepper spray.  (Pl.'s Opp. at 1–2.)  Hong seeks monetary compensation for his pain and suffering.

---

[1] I assume Plaintiff's allegations to be true and draw all reasonable inferences in his favor for purposes of this motion.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  However, my references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] According to the New York State Inmate Lookup, http://nysdoccslookup.doccs.ny.gov/ (last visited May 31, 2020), Defendant Hong is currently incarcerated at Collins Correctional Facility, in Collins, New York.  Likely due to complications related to the COVID-19 pandemic, I have not received a notice of change of address.

[3] "Compl." refers to Plaintiff's pro se complaint filed on September 5, 2018.  (Doc. 2.)

[4] "Pl.'s Opp." refers to Plaintiff's brief in opposition to Defendant's motion for judgment on the pleadings.  (Doc. 35.)

## II. Procedural History

Plaintiff filed his pro se Complaint on September 5, 2018. (Doc 2.) On that same day, Plaintiff filed a request to proceed *in forma pauperis* ("IFP"). (Doc. 1.) On September 10, 2019, Chief Judge Colleen McMahon issued an order granting Plaintiff's IFP Application. (Doc. 4.) Defendant Aigle filed an Answer to the Complaint on January 24, 2019, and Defendant Graham filed an Answer on April 8, 2019. (Docs. 17, 24.) Defendants jointly filed this motion to dismiss on August 12, 2019, with a supporting memorandum of law and declaration of attorney Carolyn K. Depoian with exhibits. (Docs. 30–32.) Plaintiff filed his opposition on October 28, 2019. (Doc. 35.)

## III. Legal Standards

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, a district court must "employ the same standard applicable to Rule 12(b)(6) motions to dismiss." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015). This means "[a]ccepting the non-moving party's allegations as true and viewing the facts in the light most favorable to that party," and granting judgment on the pleadings "if the moving party is entitled to judgment as a matter of law." *Richards v. Select Ins. Co.*, 40 F. Supp. 2d 163, 165 (S.D.N.Y. 1999) (internal quotation marks omitted). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int' l*

*Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

Under Rule 12(c), a party is entitled to judgment on the pleadings "only if it has established that no material issue of fact remains to be resolved." *Juster Assocs. v. City of Rutland, Vt.*, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted); *see Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (noting that judgment on the pleadings "is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings"). "On a [Rule] 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs*, 647 F.3d at 422 (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

Plaintiff's complaint was filed pro se, and a "document filed *pro se* is to be liberally construed and . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Bennett v. City of New York*, 425 F. App'x 79, 80 (2d Cir. 2011) (summary order) (quoting *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008)). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Kevilly v. New York,* 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (internal quotation marks omitted). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See Walker v. Schult*, 717 F.3d 119, 124, 130 (2d Cir. 2013). In other words, the "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted). However, "where a pro se plaintiff has submitted other papers to the Court, such as legal memoranda, the Court may

consider statements in such papers to supplement or clarify the plaintiff's pleaded allegations." *Sommersett v. City of New York*, No. 09 CIV. 5916 LTS KNF, 2011 WL 2565301, at *3 (S.D.N.Y. June 28, 2011).

## IV. Discussion

Defendants argue that Plaintiff fails to state a claim for deliberate indifference to his medical needs pursuant to 42 U.S.C. § 1983 because: "(1) plaintiff has not alleged that he suffered a sufficiently serious condition sufficient to state a claim for deliberate indifference to his medical needs pursuant to § 1983; (2) plaintiff alleges that he received adequate medical attention in light of his injuries; and (3) defendants Aigle and Graham are protected by qualified immunity." Defendants then argue that I should also dismiss Plaintiff's remaining state law claim for negligence because plaintiff's claim fails as a matter of law, or alternatively requests that I decline to exercise supplemental jurisdiction over this state law claim.

### A. *Applicable Law*

"Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Section 1983 does not establish substantive rights, but it provides a means of redress for the deprivation of rights established elsewhere. *See id.* "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [§] 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (internal quotation marks omitted); *accord Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001).

In *Estelle v. Gamble*, the Supreme Court held that the state has a constitutional obligation to provide medical care to persons it is punishing by incarceration, and when the state is

5

deliberately indifferent to the medical needs of a person it has taken into custody, it violates the Eighth Amendment's prohibition on cruel and unusual punishment. *See* 429 U.S. 97, 103–104 (1976). The Supreme Court has since extended these protections to civil detainees under the Due Process Clause of the Fourteenth Amendment. *See Charles v. Orange* County, 925 F.3d 73, 82 (2d Cir. 2019); *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017). To state a claim for deliberate indifference to serious medical needs against an individual defendant under § 1983, a pretrial detainee must satisfy a two-pronged test: "[f]irst, the alleged deprivation of adequate medical care must be sufficiently serious. Second, the defendant must act with a sufficiently culpable state of mind." *Davis v. McCready*, No. 1:14-cv-6405-GHW, 2017 WL 4803918, at *4 (S.D.N.Y. Oct. 23, 2017) (internal citations and quotation marks omitted). Deliberate indifference claims, when brought by pretrial detainees, "are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment," because "pretrial detainees have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (internal quotation marks omitted).

"The serious medical needs standard contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange County*, 925 F.3d 73, 86 (2d Cir. 2019). The Second Circuit has articulated that it is easier to identify examples of conditions that are plainly trivial or insignificant so as not to constitute serious medical needs than it is to establish a specific standard for determining seriousness. *See Chance v. Armstrong*, 143 F.3d 698, 702–703 (2d. Cir 1998). Factors relevant to this inquiry include whether failure to treat the condition could result in further significant injury or the unnecessary infliction of pain. *Id.* (citation omitted). Claims of "lasting physical injuries" is evidence of a serious medical

condition. *See Wright v. Trapasso*, No. 15-CV-4428 (MKB), 2018 WL 4688940, *11 (E.D.N.Y. Sept. 28, 2018) (finding, in the context of excessive force, that being sprayed with pepper spray was not a serious medical condition when plaintiff did not claim any lasting physical injuries and plaintiff chose to forego medical treatment and accepting water and napkins so as not to delay arraignment).

In 2017 the Second Circuit held that the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), altered the standard for deliberate indifference claims under the Fourteenth Amendment Due Process Clause. *Darnell*, 849 F.3d at 30. In light of *Kinsley*, the Second Circuit held:

> [T]o establish a claim for deliberate indifference to conditions of confinement under the Due Process Clause of the Fourteenth Amendment, the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.

*Id.* at 35; *see also Lloyd v. City of New York*, 246 F. Supp. 3d 704, 719 (S.D.N.Y. 2017). In other words, the mens rea prong of a deliberate indifference claim can be scrutinized either subjectively or objectively. *Charles v. Orange* County, 925 F.3d 73, 86 (2d Cir. 2019) ("Deliberate indifference . . . can be established by either a subjective or objective standard: A plaintiff can prove deliberate indifference by showing that the defendant official 'recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to [the plaintiff's] health or safety.'" (quoting *Darnell*, 849 F.3d at 35)). Although this formulation was developed in cases challenging conditions of confinement, the same principle applies to medical treatment. *Charles,* 925 F.3d at 87. "Thus, a detainee

asserting a Fourteenth Amendment claim for deliberate indifference to his medical needs can allege either that the defendants knew that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants should have known that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Id.* "Whether the officer knew or should have known of the risk of harm to the incarcerated individual is question of fact. *Id.*; *see also Farmer v. Brennan*, 511 U.S. 825, 837, (1994). "A factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. Finally, "not every lapse in prison medical care will rise to the level of a constitutional violation," *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003), and any § 1983 claim for a violation of due process "requires proof of a mens rea greater than mere negligence," *Darnell*, 849 F.3d at 36.

      **B.**    *Application*

          **1. Serious Medical Needs**

"Unquestionably, infliction of pepper spray on an arrestee has a variety of incapacitating and painful effects." *Tracy v. Freshwater*, 623 F.3d 90, 98 (2d Cir. 2010). District courts in this circuit have found that temporary effects of pepper spray such as coughing and a burning sensation on the skin and eyes do not amount to a serious medical condition. *See Holmes v. New York City*, No. 17cv3874, 2018 WL 4211311, at *7 (S.D.N.Y. Sept. 4, 2018); *Strassner v. O'Flynn*, No. 2006 WL 839411, *8 (W.D.N.Y. Mar. 27, 2006) (collecting cases). However, courts have also found that the "objective prong is context-driven, and even de minimis force" including pepper spray "can be deemed excessive if its use is 'repugnant to the conscience of mankind.'" *Lewis v. Clarkstown Police Dep't*, No. 11-cv-2487 (ER), 2014 WL 1364934, at *6 (S.D.N.Y. Mar. 31, 2014) (finding that a factual dispute whether Plaintiff was suffering from an

8

asthma attack when pepper spray was utilized was sufficient to deny a motion for summary judgment).

Here, Plaintiff's injuries were not mere itching and discomfort, but rather that the pepper spray to his eyes had lasting effects that include: (1) blurry vision; (2) pain for hours after he was exposed to the pepper spray; and (3) the exacerbation of his asthma. (Compl. 4; Pl's Opp. at 1–3.) In addition, as a result of being sprayed with pepper spray and not being decontaminated for three hours, Plaintiff now requires glasses and continues to have blurry vision, which may be a lasting effect from the pepper spray and could be a sign of degeneration. *See Wright v. Trapasso*, 2018 WL 4688940 at *11; *Charles*, 925 F.3d at 86.

At the motion to dismiss stage of litigation, viewing the facts in the light most favorable to Plaintiff, I cannot find that Plaintiff's allegations are so deficient and that, as matter of law, pepper spray to the eyes and face of an asthmatic person who goes untreated for three hours, and who now requires glasses due to blurry vision, does not constitute a "condition of urgency" that "may produce death, degeneration, or extreme pain." *Id*. This is especially true because Plaintiff is pro se, and I must construe Plaintiff's allegations liberally and "to raise the strongest arguments that they suggest." *Kevilly,* 410 F. App'x at 374. Plaintiff has, therefore, properly plead that he had a serious medical need.

### 2. Culpable State of Mind

Plaintiff has alleged facts that plausibly demonstrate that Defendants were aware, or should have been aware, that failing to provide the complained of medical treatment would pose a substantial risk to Plaintiff's health. "Deliberate indifference can be alleged against . . . prison guards who deny or delay access to medical care." *Charles*, 925 F.3d at 85. Here, Plaintiff told correction officers that he could not breathe, and asked to be put in mechanical restraints so that

he could be brought to seek medical care, and was ignored. Pl. Opp., at 2. When the officers ignored his requests, Hong affirmatively refused to return to his cell so that the "probe team"[5] was summoned in order to escort him for medical treatment. *Id.* Therefore, accepting these allegations as true and drawing all reasonable inferences in the Plaintiff's favor, *see Kassner*, 496 F.3d at 237, the officers were aware that Plaintiff's pain and breathing discomfort were so significant that he would (1) ask to be taken in restraints for medical care, (2) when his request was denied refuse to return to his cell risking disciplinary actions, and (3) knowingly subject himself to the probe team—risking injury when they forced him to move—so that he could receive medical care. It is also clear from the officers taking Plaintiff's cellmate to receive medical care that the officers were well aware of the dangers of pepper spray to an inmate's health. In addition, the allegations that officers tried to "downplay" the incident and did not report the incident to their superiors further supports the inference that Defendants' possessed a culpable state of mind in denying Plaintiff medical treatment. *Id.*, at 3. Whether the officers ignored Plaintiff knowingly, or should have known not to ignore Plaintiff, is a question of fact that is not for me to determine at this stage of litigation. *Charles*, 925 F.3d at 87. However, I find that Plaintiff has alleged sufficient facts such that he has plausibly alleged that Defendants "should have known that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Id.*

Accordingly, Plaintiff has plausibly alleged a cause of action for deliberate indifference.

---

[5] Plaintiff uses the term "probe team" in his Complaint without explaining whether or not this is the official title for this unit.

### C. *Qualified Immunity*

**1. Applicable Law**

"The doctrine of qualified immunity protects government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Francis v. Fiacco*, 942 F.3d 126, 139 (2d Cir. 2019). "To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent . . . [such] that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589–90 (2018). The Supreme Court has repeatedly cautioned courts "not to define clearly established law at a high level of generality," *Mullenix v. Luna*, 136 S. Ct. 305 (2015), but rather to formulate the relevant legal principle with a "high degree of specificity" so that it "clearly prohibit the officer's conduct in the particular circumstances before him," *Wesby*, 138 S. Ct. at 589–90. "The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." *Pearson v. Callahan*, 555 U.S. 223, 244 (2009).

The applicability of qualified immunity is a fact-specific inquiry, and may only be established at the motion to dismiss stage if it is "based on facts appearing on the face of the complaint." *Felix v. New York Dep't of Corr. & Cmty. Supervision*, No. 16-CV-7978 (CS), 2018 WL 3542859, at *7 (S.D.N.Y. July 23, 2018) (quoting *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004)), *reconsideration denied*, No. 16-CV-7978 (CS), 2018 WL 8967292 (S.D.N.Y. Oct. 2, 2018).

Courts conduct a two-pronged analysis to determine whether qualified immunity applies. *Francis*, 942 F.3d at 139. A plaintiff must plead facts showing "(1) that the official violated a

statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Id.* The district court is within its "sound discretion" to tackle these prongs in the order it deems appropriate. *Id.*

### 2. Application

#### a. Deliberate Indifference

Plaintiff's constitutional right to prompt medical treatment for his injuries under § 1983 is clearly established for a pretrial detainee under the Fourteenth Amendment. *Charles,* 925 F.3d at 87. As stated above, Plaintiff has sufficiently alleged a violation of that constitutional right. However, at this stage in litigation I cannot find that the officers are entitled to qualified immunity as to Plaintiff's § 1983 claim. "[A] factual finding is essential to resolving the issue of qualified immunity." *Kaminsky v. Rosenblum*, 929 F.2d 922, 927 (2d Cir. 1991). Based on the alleged facts in the pro se complaint and brief in opposition, I cannot make a finding of fact that it was objectively reasonable for the officers to believe their acts were lawful.

#### b. Negligence

Defendants, however, are entitled to qualified immunity for the common law negligence claim, as the claim as alleged does not implicate Plaintiff's constitutional or statutory rights. *See Charles*, 925 F.3d at 86–87 (a detainee "must show something more than mere negligence to establish deliberate indifference in the Fourteenth Amendment context"); *Cf. Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation).

Accordingly, as a matter of law, I find that Defendants have qualified immunity from Plaintiff's negligence claim.

### V.     Conclusion

Because Plaintiff has properly alleged a claim for deliberate indifference to serious medical needs, and there remain issues of fact that require further inquiry as to this claim, and because Defendants have qualified immunity from common law negligence claims it is hereby:

ORDERED that Defendants' motion to for judgment on the pleadings is GRANTED as to Plaintiff's negligence claim and DENIED as to Plaintiff's deliberate indifference claim.

Since it appears the institution where Plaintiff is incarcerated may have changed, the Clerk of court is respectfully directed to mail a copy of this Order to the pro se Plaintiff at (1) Mohawk Correctional Facility, 6514 Rt. 26, P.O. Box 8451, Rome, NY 13442, and (2) Collins Correctional Facility, Middle Road, P.O. Box 340, Collins, NY 14034-0490.

Plaintiff is reminded that it is his responsibility to inform this Court's Pro Se Intake Unit with any change in his address, and that failure to do so may result in the dismissal of his case.

The Clerk of Court is respectfully directed to terminate the open motion at Document 30.

SO ORDERED.

Dated:  June 1, 2020
        New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge